Dear Mayor Martin:
This office is in receipt of your request for an opinion of the Attorney General in regard to Act 775 of 1995 which is relative to witness fees for off-duty law enforcement officers in the Town of Welsh. It provides as follows:
 R.S. 15:254.6 Compensation of off-duty law enforcement officers; mayor's court, town of Welsh
 A. Any sheriff, deputy sheriff, city or state police officer, or other law enforcement officer subpoenaed to testify in a case before the mayor's court of Welsh on a date or at a time when such an officer is off-duty shall be paid the sum of twenty-five dollars per case per day by the clerk of the town of Welsh.
 B(1) The maximum allowable fee to be received by an officer on any given day when he is summoned in an off-duty status shall be seventy-five dollars per day, no matter how many summonses he receives per specific day. This fee shall be in addition to any other compensation the law enforcement officer is eligible to receive from his or her employer.
 (2) Notwithstanding the provisions of R.S. 33:441(A), witness fees provided by this Subsection shall be paid from costs of court which shall be assessed and collected in individual cases in which there is a plea of guilty or a conviction, in accordance with a schedule of costs adopted by the mayor's court. The costs so collected shall be placed in a special fund maintained and administered by the clerk of the town of Welsh, and from which the governing authority shall pay the witness fees provided for herein.
 (3) The mayor's court of the town of Welsh may adjust the schedule of costs from time to time as the need for funds may require.
 C. As a condition precedent to receipt of the compensation provided in this Section, the law enforcement officer and his superior shall be required to certify to the clerk of the town of Welsh that the officer was summoned to testify on a day while he was off-duty and did in fact appear in court as commanded in the subpoena.
With respect to this legislation you ask the following questions:
 1. Are these witness fees applicable to a case that does not go to trial;
 2. Does the presiding officer have the right to waive this fee, and if so, how can there be assurance that there will be sufficient funds to pay the fees;
 3. While the Act allows the fee to be adjusted from time to time to assure adequacy, can the Town receive an administration fee for handling this fund without statutory amendment;
 4. Since the Chief of Police is a full time police officer, can he receive an off-duty law enforcement officer witness fee;
 5. Who has the authority for setting the amount of the witness fee; and
 6. Can the Town of Welsh delay paying the fee until sufficient funds are available in the special account established by the Town Clerk.
In answer to the question whether witness fees are to be paid to an officer if the case does not go to trial, we find they must be paid when the officer attends court while off-duty in response to a subpoena despite that he is not actually called to testify. The statute provides the officer "subpoenaed" to testify when off-duty "shall be paid". The fee is not predicated upon testifying, but upon having been subpoenaed and appearing while off-duty.
You ask if the presiding office has the right to waive the fee.
In Atty. Gen. Op. No. 93-538 this office was asked if a magistrate of a mayor's court can suspend court costs. It was concluded since a mayor's court was not included in C.Cr.P. Art.887(A) that lists courts which are granted authority to suspend court costs, it cannot suspend costs pursuant to C.Cr.P. Art.887(A). However, it was noted R.S. 33:441(A) provides "notwithstanding any other provision of law to the contrary, the mayor may also impose court costs." It was found under this statutory provisions unless the law requires the mayor or appointed magistrate to impose the court costs, they have the discretion to impose such costs. Therefore, it was stated, "If the mayor or his appointed magistrate deems court costs to be unnecessary in the particular case and the law does not mandate the imposition of the costs, he is not required to impose these costs."
We find there is no discretion in the imposition of the costs in question inasmuch as it is provided "witnesses fees provided by this Subsection shall be paid from costs of courts whichshall be assessed and collected in individual cases in which there is a plea of guilty or a conviction".
Answering your next inquiry whether the Town can receive an administration fee for handling this fund under the present law, we have found that the Act provides the witness fee "shall" be paid from costs of court collected and placed in a special fund that is maintained and administered by the clerk of the town of Welsh, and from which the governing authority "shall" pay the witness fees.
While R.S. 33:1236 allows the administrative office of a parish governing authority that renders a service such as clerical or administrative service to certain other governmental entities to assess a charge, we do not find a provision relative to a municipality being allowed a service charge to be placed on the fund. In fact, this office has recognized with the establishment of such a "special fund" the only provision regarding use of the proceeds is the mandatory payment of the witness fees. Accordingly, it was concluded, "It is therefore, the opinion of this office that the proceeds of the Witness Account can only be used to pay witness fees to off-duty law enforcement officers." Atty. Gen. Op. Nos 93-624, 92-520. Based upon this conclusion it was determined the surplus fund could not be used to purchase police supplies, or be transferred to the Criminal Court Fund to be used for purposes other than payment of witness fees.
Since there is authority to adjust the schedule of costs, it was opined that the statute contemplates periodic adjustment of costs assessed so the amount needed for the payment of witness fees will not substantially deviate from the amount needed. If there is an insufficiency after collecting the maximum amount, there would have to be a legislative amendment to increase the maximum to cover the cost as needed.
This reasoning would be applicable to that part of your first question of how can there be assurance that there will be sufficient funds to pay the fees. There can only be an estimates made and adjustments in the fees for incorrect estimates to bring them in line with the fund.
In regard to your question whether the chief of police as a full time employee can receive the witness fee, we find he can. While he cannot be required to establish work hours and may be subject to call at any time for an emergency, he can establish regular work hours and would be able to receive the witness fee if required to testify at a time he was not scheduled for a regular work shift.
You ask who has the responsibility and authority for setting the amount of the witness fees — the elected mayor, the appointed court magistrate or the board of aldermen. Relative to this question we find the statute provides as follows:
 The mayor's court of the town of Welsh may adjust the schedule of costs from time to time as the need for funds may require.
R.S. 33:441 provides the board of aldermen upon the request of the mayor may appoint an attorney who shall be designated as court magistrate who shall serve at the pleasure of the mayor and he may from time to time be designated to serve in the stead "as the presiding official over the mayor's court". Based upon these provisions this office has found the mayor is the true presiding officer of the court, and we would conclude it is the mayor who may adjust the schedule of costs from time to time as the need for funds may require.
Your final question is whether the Town can delay paying the fee until a sufficient amount is available in the special fund set up by the Town Clerk. In response we would conclude there can be a temporary delay until the costs are adjusted to sufficiently cover the fees or the Town may advance the fee to be reimbursed until sufficient an accumulation in the special fund to repay the debt. To do otherwise could affect the operation of the Mayor's court.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Assistant Attorney General
 By: ______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR